## Laukaitis v. Bensalem Police Department

*Don S. Ginsburg,* for plaintiff.
*John A. Orlando,* for defendant.
*Anita Alberts,* for additional defendant.

BIEHN, *J.,* September 20, 1985—Plaintiff initiated this action to recover damages for emotional distress and for violation of his constitutional rights resulting from the confiscation of his eyeglasses by police. All of the numerous above-named defendants have filed either a motion for judgment on the pleadings or a motion for summary judgment arguing that plaintiff has not stated a valid constitutional claim and seeking to be released on the basis of their immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. After a thorough review of the record, we agree and grant both motions.

In his complaint, plaintiff states that he was arrested in December, 1982 and incarcerated at Bucks County Prison. He alleges that on a daily basis he demanded the return of his eyeglasses but that such were not returned to him until April 13,

1983.* Plaintiff admits, however, that he was given an eye examination on March 16, 1983 and that glasses were prescribed for him. Plaintiff also admits that the new eyeglasses were received at Bucks County Prison on April 13, 1983. He was called to the prison dispensary and arrived already wearing glasses. Plaintiff told the prison nurse that Community Services had retrieved his glasses from Bensalem Police and previously returned them to him. He also admits that the new glasses were issued to him by defendant Carey as a second pair and that he stated they fit well and the prescription was "much better" than his old pair (see reply to new matter). Nevertheless, plaintiff alleges that he suffered severe emotional distress and that his constitutional rights, protected by 42 U.S.C.A. §1983, were violated.

In Paul v. John Wanamakers, Inc., 593 F.Supp. 219, 221 (1984), the court held the following:

"It is clear that not every tort by a state official is a constitutional violation. For example, there have been several cases in which prisoners complained of receiving negligent medical treatment, but the complained-of treatment was found to fall short of the *deliberate indifference to serious medical needs* required to state an Eighth Amendment violation.

---

* Although not considered for the purpose of deciding the above motions, we note that in Exhibit D attached to defendants' motion for summary judgment, there is evidence that plaintiff voluntarily gave his glasses to James Wright, his co-defendant in the robbery for which he was arrested. In addition, plaintiff states in his memorandum in response to the motion for summary judgment, "During the incident that led to plaintiff's arrest, plaintiff's corrective eyeglasses were in the possession of James Wright. At the time of Mr. Wright's arrest, plaintiff's eyeglasses were taken from Mr. Wright's possession."

Since plaintiff here alleges that he asked for his medication and defendants refused, he has alleged 'deliberate indifference' rather than negligence or malpractice. The complaint states a claim for violation of his Eighth Amendment rights and/or for deprivation of liberty without due process, in violation of the 14th Amendment." (Emphasis added.)

In Paul, plaintiff alleged that he was an epileptic and needed his medication to avoid an epileptic attack. He further alleged that his request was denied by the police and that, as a result, he suffered an epileptic seizure while in police custody. As the court stated, not every tort by a state official is a constitutional violation. A review of the allegations in the present case convinces us that the complained-of treatment falls far short of deliberate indifference to a serious medical need and does not rise to the level of a constitutional violation under 42 U.S.C.A. §1983.

We next address the question of plaintiff's state tort-law claims. Defendants maintain that they have immunity under the Political Subdivision Tort Claims Act which reads in part as follows:

"§8541. Governmental immunity generally

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

"§8545. Official liability generally

"An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and sub-

ject to the limitations imposed by this subchapter."
42 Pa.C.S. §8545.

Plaintiff contends that section 8542(b)(2) of the above act provides an exception to immunity which is applicable to this case. That exception concerns the care, custody or control of personal property. Plaintiff argues that defendants' confiscation of his eyeglasses constitutes "custody" of personal property.

Section 8542 clearly sets forth the exceptions to governmental immunity. However, it is equally clear that plaintiff here may not recover under the exception concerning personal property:

"§8542. Exceptions to governmental immunity

"(a) Liability imposed. — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof. acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) Acts which may impose liability. — The following acts by a local agency or any of its employees

may result in the imposition of liability on a local agency:

. . .

"(2) Care, custody or control of personal property. — The care, custody or control of personal property of others in the possession or control of the local agency. *The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.*" (Emphasis added.) 42 Pa.C.S. §8542.

As plaintiff alleges damages for emotional distress and the above exception allows recovery for property losses only, it does not defeat defendants' immunity.

Plaintiff also argues that willful misconduct on the part of defendants prevents application of the Political Subdivision Tort Claims Act. Here, plaintiff points to section 8550 which reads as follows:

"§8550. Willful misconduct.

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." 42 Pa.C.S. §8550.

However, plaintiff's reliance on this section is misplaced. In Paul, the court also addressed this issue:

"The moving defendants claim immunity from suit for any pendent state law claims by virtue of Pennsylvania's Political Subdivision Tort Claims Act

("PSTCA"), 42 Pa.C.S. §8541 et seq. This act establishes tort immunity for 'local agencies' and employees of local agencies. Section 8550 provides an exception where the employees caused damage by 'a crime, actual fraud, actual malice or willful misconduct.'

. . .

"Plaintiff's possible tort claims against defendant Sambor do not involve willful, intentional conduct and thus defendant Sambor is shielded by immunity. As for the city and police department, their immunity is not affected by §8550. '42 Pa.C.S. §8550 jettisons only those immunities held by municipal *employees* and then only for forms of willful misconduct. This section does not, however, abrogate the general retention of *municipal* immunity.' (emphasis in original.) Thus all pendent state claims against defendants are precluded by the PSTCA except for the charge of false imprisonment against Denbrook and Doe." (Citations omitted.) Paul v. John Wanamakers, Inc., supra, at 222-223.

Contrary to plaintiff's argument, willful misconduct on the part of an employee does not automatically negate the immunity of a local agency. Furthermore, no individual employee of the police department has been named as having committed an intentional tort. Here, as in Paul, the state tort claims against defendants are precluded by the Political Subdivision Tort Claims Act.

Accordingly, we enter the following

ORDER

And now, this September 20, 1985, upon consideration of the above motions, it is hereby ordered and directed that the motion for judgment on the pleadings of defendants Wallenstein, Bucks County

Prison, Carey, County of Bucks, Fonash, Trench and Warren and the motion for summary judgment of defendants Viola, Township of Bensalem, Strange and Bensalem Police Department, are granted.